IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BILLY R. MELOT, § | | |
| Reg. No. 51537-051, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | EP-18-CV-384-PRM |
| § | | |
| SCOTT NICKLIN, Warden, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Billy R. Melot's [hereinafter "Petitioner"] pro se "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-1) [hereinafter "Petition"], filed on December 17, 2018, in the above-captioned cause. After due consideration, the Court is of the opinion that Petitioner's Petition should be denied because it appears from its face that Petitioner is not entitled to § 2241 relief.

I. BACKGROUND

Petitioner, a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] challenges restrictions imposed on him

---

[1] Anthony, located in El Paso County, Texas, is within the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

1

after he "refused to continue [his] work in the food service department" on "December 10, 2015." Mem. in Supp. 5, Dec. 17, 2018, ECF No. 1-2. Petitioner alleges that a lieutenant at the prison "summarily placed [the] additional sanctions" on him "three months following [his] disciplinary] hearing for [his] attempted escape." *Id.* at 6, 8–9. He claims that these new restrictions include:

> (i) the special requirement that [he] check in with a staff member every two hours throughout the day;
> (ii) that all of [his] electronic messages are delayed in order for them to be reviewed by staff;
> (iii) that all of [his] outgoing mail is opened and reviewed before it is sent; and
> (iv) that [he] always be in possession of a special "red card" and be prepared to present it on demand to any staff member.

*Id.* at 6.

Petitioner maintains that he has "fully complied with all of the sanction requirements . . . since their imposition on December 14, 2015." *Id.* at 7. He further maintains that he has "repeatedly requested that the sanctions be removed," but the prison "staff [have] repeatedly denied [his] requests." *Id.* at 7–8. He argues that the sanctions (1) "[w]ere imposed without the due process that is mandated by the U.S. Constitution"; (2) "[c]onstitute a

'restraint that imposes a typical [sic] and significant hardship . . . in relation to the ordinary incidents of prison life'"; and (3) "[w]ere imposed in retaliation for [his] refusal to work." *Id.* at 8–9 (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). He asks that the Court intervene in his behalf and "order the Bureau of Prisons to remove the 'red card'" sanctions. *Id.* at 10.

## II. APPLICABLE LAW

During its initial screening of a habeas corpus petition, a reviewing court accepts a petitioner's allegations as true. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a pro se petitioner under a more lenient standard than it would apply to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). It must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 provides the

3

proper procedural vehicle to attack "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). However, "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). A habeas corpus petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States" to prevail. 28 U.S.C. § 2241(c) (2012).

A prisoner's challenge to a disciplinary action may fall within the scope of § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). But judicial relief is not available unless the petitioner alleges "that he . . . has been deprived of some right secured to him . . . by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)).

According to the Fifth Amendment to the Constitution, a person—including a prisoner—"may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). But "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin*, 515 U.S. at 478. Indeed, a prisoner is not entitled to due process protections unless he is subjected to sanctions which "impose[ ] atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. And a prisoner charged with a violation of an institutional rule is entitled to relief under the Due Process Clause only when the disciplinary action resulted in a sanction which infringed upon a constitutionally protected liberty interest. *Id.* at 483–84; *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972).

A protected liberty interest may emanate from either the Due Process Clause itself or from state law. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). However, the range of constitutionally protected liberty interests is a "narrow" one. *Orellana*, 65 F.3d at 31–32. Moreover, only those state-created substantive

5

interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *Orellana*, 65 F.3d at 31–32.

With these principles in mind, the Court will examine Petitioner's claims.

## III. ANALYSIS

Petitioner alleges that after he "refused . . . to work," a lieutenant "summarily placed . . . additional sanctions" on him "three months following [his disciplinary] hearing for [his] attempted escape." Mem. in Supp. 5, 6, 8–9, Dec. 17, 2018, ECF No. 1-2. The sanctions include requirements that he check in with a staff member every two hours and keep a "red card" in his possession at all times. *Id.* at 6. The sanctions also include requirements that the prison staff review his electronic messages and outgoing mail. *Id.*

Requiring a prisoner to report for periodic check-ins and carry a red identification card does not pose "a significant infringement in a prison setting." *McGlory v. Jenkins*, 16 F.3d 416 (10th Cir. 1994). The requirements do not pose an "atypical" or "significant hardship" beyond "the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484. Hence,

the Court determines that the requirements of which Petitioner complains do not violate the Due Process Clause, the Constitution, or laws or treaties of the United States. Accordingly, Petitioner is not entitled to § 2241 relief on these claims.

Regarding Petitioner's other claims, "[t]he interest of prisoners and their correspondents in uncensored communication . . . , grounded as it is in the First Amendment, is plainly a 'liberty' interest . . . even though qualified of necessity by the circumstance of imprisonment. As such, it is protected from arbitrary governmental invasion." *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled by Thornburgh v. Abbott*, 490 U.S. 401 (1989).[2] But reviews by a prison official of electronic messages and outgoing mail do not affect the duration of a prisoner's sentence. *Sandin*, 515 U.S. at 487; *Orellana*, 65 F.3d at 31–32. Consequently, Petitioner is not entitled to § 2241 relief on these claims.

---

[2] *Procunier* provided a two-part test for assessing the validity of a prison regulation that implicated constitutional rights. *Thornburgh* adopted the four-part test set forth in *Turner v. Safley*, 482 U.S. 78 (1987), overruling *Procunier* in that regard. However, *Procunier* remains good law with its discussion of First and Fourteenth Amendment rights.

## IV. CONCLUSION

After examining the Petitioner's Petition, the Court concludes that he has not alleged any prison-imposed sanctions that affected the duration of his sentence. Thus, the Court further concludes that it appears from the face of his Petition that he is not entitled to § 2241 relief.[3]

Accordingly, **IT IS ORDERED** that Petitioner Billy R. Melot's pro se "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Billy R. Melot's civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this **16th day** of **January, 2019**.

_____
**PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 2243.